IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |  |
|---|---|---|
| F.C.C., on his own behalf and on behalf of his minor child, A.C.L., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:22-cv-05057 |
| United States of America | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION TO PROCEED USING PSEUDONYMS AND MEMORANDUM IN SUPPORT**

**I.  INTRODUCTION**

Plaintiffs are an asylum-seeking father and daughter who fled violence in Honduras only to be separated from each other shortly after they arrived in the United States. Plaintiff father, F.C.C., requests this Court's leave to proceed using his initials to protect his and his daughter's identities from public disclosure.[1] Plaintiffs seek only to protect their identities from public disclosure. Defendant the United States is already aware of F.C.C. and A.C.L.'s full names.[2] Plaintiffs do not intend to keep their identities hidden from the Court, and can promptly provide their identities to the Court if requested.

---

[1] Plaintiff F.C.C. has brought this action on behalf of himself and his daughter, A.C.L. Because Federal Rule of Civil Procedure 5.2 requires using initials for plaintiffs who are minors, this Motion seeks leave to proceed using a pseudonym for F.C.C. However, public disclosure of F.C.C.'s full name would also likely reveal his minor daughter's identity, and thus granting this Motion would be in the interest of both Plaintiffs.

[2] F.C.C. and A.C.L. disclosed their full names to Defendant when they filed their administrative claims.

1

Allowing Plaintiff F.C.C. to proceed using a pseudonym is necessary to protect his and his daughter's sensitive personal information, including information related to mental health and immigration status. Plaintiffs seek to prevent members of the general public, including potential persecutors in their home country, from connecting the facts of this litigation to their identities. Because Plaintiffs do not seek to withhold their identities from the Government, granting this motion would not prejudice Defendant.

Plaintiffs meet the Second Circuit's standard for proceeding using a pseudonym, and Courts routinely allow asylum-seekers to litigate using a pseudonym. Plaintiffs respectfully submit that the Court should grant this Motion.

## II. FACTUAL BACKGROUND

Plaintiffs are a father and daughter from Honduras. They fled Honduras seeking asylum in 2018 after extensive violence occurred in their town, including the murders of several of F.C.C.'s family members. Compl. ¶ 42. F.C.C. was concerned about threats to himself and to his family, and fled Honduras with his then seven-year-old daughter, A.C.L. *Id.* When they arrived in the United States, they were detained by Border Patrol Agents and, shortly thereafter, separated from each other. *Id.* ¶¶ 42-49. Within a few days, F.C.C. was deported to Honduras, while A.C.L. was put on airplane and sent to Syosset, New York, where she remained for approximately four months. *Id.* ¶¶ 50-69.

This litigation alleges that the separation was conducted intentionally to cause Plaintiffs severe pain and emotional distress, which, Defendant hoped, would deter others from seeking asylum in the United States. Compl. ¶¶ 20-41. Plaintiffs allege that the separation and the manner in which it was conducted was unlawful. This litigation will necessarily expose Plaintiffs' personal mental health information, sensitive information about their immigration

2

case, and potential financial recovery. Because of the sensitive nature of these matters, Plaintiffs seek to proceed using pseudonyms rather than their full legal names.

## III. LEGAL STANDARD

When a party seeks to proceed using a pseudonym, "the relevant inquiry [is] a balancing test that weighs the plaintiff's need for anonymity against countervailing interests in full disclosure." *Sealed Plaintiff v. Sealed Defendant # 1*, 37 F.3d 185, 189 (2d. Cir. 2008). The Second Circuit has developed a list of ten non-exhaustive factors to assist in making this determination:

> (1) Whether the litigation involved matters that are 'highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of the prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identify has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff*, 37 F.3d at 190.

## IV. ARGUMENT

Considering the ten factors laid out in *Sealed Plaintiff*, Plaintiff F.C.C should be allowed to proceed in this matter using his initials rather than having to publicly disclose his identity.

1. First Factor

3

The first factor is "whether the litigation involves matters that are highly sensitive and of a personal nature." *Sealed Plaintiff*, 537 F.3d at 190. Here, Plaintiffs claims involve their mental health and the severe emotional trauma they suffered after being separated from each other. *See generally*, Compl. Courts have found that forcing a plaintiff to disclose his identity in family separation cases could be "further stigmatizing and traumatizing." *C.M. v. United States*, SA-21-CV-000234-JKP, 2021 U.S. Dist. LEXIS 62176 at *5 (W.D.T.X. March 31, 2021).

Additionally, Plaintiffs are simultaneously pursuing their immigration claims which also deal with sensitive and personal information and could subject them to danger if they return to Honduras. Courts have found these types of vulnerabilities weigh in favor of allowing a plaintiff to proceed using a pseudonym. *See Doe v. Barr*, 470 F.Supp.3d 20, 26 (S.D.N.Y. 2020) (finding that the plaintiff could proceed using a pseudonym because, among other things, proceeding using his name "could place him in danger if he ever returns to Haiti.").

2. Second Factor and Third Factors

The second factor is "whether identification poses a risk of retaliatory physical or mental harm to [Plaintiffs] or even more critically, to innocent non-parties," and the third factor is "whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Sealed Plaintiff*, 537 F.3d at 190. Accordingly, these factors are assessing whether identification would "create[] a risk of harm from third parties, [if so] disclosure is disfavored." *Doe v. Townes*, 19-cv-8034 (ALC) (OTW), 2020 U.S. Dist. LEXIS 83550 at *10 (S.D.N.Y. May 12, 2020).

Here, Plaintiffs sought refuge in the United States due to the persecution and murders of family members and the threats they faced if they remained in Honduras. Compl. ¶ 42. Under these circumstances, Plaintiffs, as well as their family members, face significant risk of harm if their identities were to be disclosed. *See, e.g.*, *Ms. Q. v. U.S. Immigr. & Customs Enf't.*, No. 1:18-CV-02409, 2018 U.S. Dist. LEXIS 231173 at *7 (D.D.C. Oct. 24, 2018) ("The public's interest in the litigants' identity is *de minimum* compared to the significant privacy interests of the plaintiffs, a four-year-old child and his mother, who states that she faces a significant risk of persecution . . . if her identity is publicly revealed through this lawsuit."). Plaintiffs are also concerned about risks they may face if others discover that they are seeking and may obtain monetary damages. *See, e.g., C.M.*, 2021 U.S. Dist. LEXIS 62176 at *5 ("Plaintiff fears . . . the risk of extortion if this lawsuit for damages is discovered.").

3. Fourth Factor

The fourth factor is "whether the plaintiff is particularly vulnerable to the possible harms of disclosure particularly in light of his age." *Sealed Plaintiff*, 537 F.3d at 190. While Plaintiff F.C.C. is not himself particularly vulnerable due to age, Plaintiff A.C.L is a minor. Although Rule 5.2 provides for A.C.L. to proceed using her initials, if F.C.C. is required to disclose his name and identity, A.C.L.'s identity would easily be discovered. *See Doe v. Heritage Acad, Inc.*, No. CV-16-03001-PHX-SPL, 2017 U.S. Dist. LEXIS 233970 (D. Ariz. June 8, 2017) (explaining that revealing the plaintiff's identity would also reveal the identities of his minor children). Accordingly, this factor also weighs in favor of allowing F.C.C. to proceed using his initials.

4. Fifth Factor

The fifth factor is "whether the suit is challenging the actions of the government or that of private parties." *Sealed Plaintiff*, 537 F.3d at 190. This suit names only the United States as a defendant. Accordingly, this factor weighs in favor of Plaintiffs because, unlike suits against private parties, "suits against the government involve no injury to the Government's reputation." *Doe v. Gong Xi Fa Cai, Inc.*, No. 19-cv-2678 (RA), 2019 U.S. Dist. LEXIS 114919 at *3 (S.D.N.Y. July 10, 2019) (internal quotations and citations omitted); *see also Doe v. Gooding*, 20-cv-06569 (PAC), 2022 U.S. Dist. LEXIS 68607 at *17 (S.D.N.Y. Apr. 13, 2022) ("sealing is more favored where an anonymous plaintiff challenges the government rather [than] another private party.").

5. Sixth Factor

The sixth factor is "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously." *Sealed Plaintiff*, 537 F.3d at 190. Where, like here, Plaintiffs are only concealing their identities from the public, but not from Defendant, Defendant will face little prejudice from Plaintiffs proceeding anonymously. *See Doe No. 2. V. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006) ("Other than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by plaintiff's anonymity in court papers.").

6. Seventh Factor

The seventh factor is "whether the plaintiff's identify has thus far been kept confidential." *Sealed Plaintiff*, 537 F.3d at 190. Plaintiffs' identities have thus far been kept confidential from the public, which weighs in favor of maintaining such confidentiality. *See Doe v. Gooding*, 20-cv-06569 (PAC), 2022 U.S. Dist. LEXIS 68607 at *12 (S.D.N.Y. Apr. 13, 2022) ("unlike in cases where unsealing would not change much

because a plaintiff's identity is already public, there is no indication that anyone besides Defendant knows . . . Plaintiff's real identity"); *N. Jersey Media Group, Inc. v. Doe*, 12 Civ. 6152 (VM)(KNF), 2012 U.S. Dist. LEXIS 167317 at *23-24 (S.D.N.Y. Nov. 26, 2012) (explaining that the parties' agreement to keep the defendant's identity known to the attorneys only "would militate in favor of granting the defendant's request to proceed by using a pseudonym.").

7. <u>Eighth Factor</u>

The eighth factor is "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity." *Sealed Plaintiff*, 537 F.3d at 190. While the public may be interested in this litigation, that interest is not furthered by knowledge of the Plaintiffs' identities.

8. <u>Ninth Factor</u>

The ninth factor is "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities." *Sealed Plaintiff*, 537 F.3d at 190. Plaintiff recognizes that there are both factual and legal issues to be decided in this case, and that this factor does not weigh highly in favor of non-disclosure. However, the sum of the other factors which do significantly weigh in favor of non-disclosure support Plaintiffs' request herein.

9. <u>Tenth Factor</u>

The tenth factor is "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Sealed Plaintiff*, 537 F.3d at 190. At this time, Plaintiff is unaware of an alternative method that will preserve confidentiality sufficiently to protect his and his family's interests.

## V.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion to proceed using pseudonyms.

Dated: September 28, 2022                                              Respectfully submitted,


/s/ Matthew K. Handley

Matthew K. Handley
Rachel Nadas, *pro hac vice* forthcoming
HANDLEY FARAH & ANDERSON PLLC
200 Massachusetts Avenue NW, 7th Floor
Washington, DC 20016
(202) 559-2411
mhandley@hfajustice.com
rnadas@hfajustice.com

**CERTIFICATE OF SERVICE**

I hereby certify that, in addition to filing the foregoing document on the Court's CM/ECF System, the undersigned has caused a copy of this filing to be included with the Complaint that is being served on Defendant pursuant to Federal Rule of Civil Procedure 4.

Dated:  September 28, 2022                                                      /s/ Matthew K. Handley _____
                                                                                                                                Matthew K. Handley