

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 22, 2022

**BY FedEx**
Matthew K. Handley, Esq.
Handley Farah & Anderson PLLC
200 Massachusetts Avenue, NW
Ste. 7th Fl.
Washington, DC 20016
mhandley@hfajustice.com

Re: <u>F.C.C. v. United States of America</u>, Case No. 22-cv-5057 (NM) (JMW)

Dear Mr. Handley:

This Office represents defendant United States of America in the above-referenced action. This letter is written as a courtesy to advise that Plaintiff has neither perfected service nor triggered Defendant's obligation to respond to the Complaint.[1]

Federal Rule of Civil Procedure 4 requires a party to serve a defendant with a signed and sealed summons, along with a copy of the complaint. *See* Fed. R. Civ. P. 4(c). When serving the United States, there are additional requirements to service, including not only service on the U.S. Attorney General *but also* service by hand or registered or certified mail on the local United States Attorney's Office. *See* Fed. R. Civ. P. 4(i)(1)(A) & 4(i)(2). Importantly, a federal defendant's time to respond to a complaint does not begin to run until *the local U.S. Attorney's Office*, not the Attorney General or the relevant federal agency, is served. *See* Fed. R. Civ. P. 12(a)(2) ("The United States . . . must serve an answer to a complaint, counterclaim or crossclaim within 60 days after service on the United States attorney.").

Plaintiff has not served this Office with a signed and sealed summons or a copy of the Complaint,[2] and this Office has only incidentally become aware of this action. Thus, Plaintiff has

---

[1] Defendant makes this filing without waiving any defenses, including those of service, venue, and jurisdiction.

[2] This Office has recently become aware that Plaintiff has inaccurately represented that by serving the U.S. Attorney General he has "served the United States." ECF Nos. 6 &7. As noted above, service on the United States has multiple requirements, which Plaintiff fails to acknowledge and with which he has thus far failed to comply. Notably, Plaintiff nowhere avers service on this Office; indeed, this Office has no record of Plaintiff having done so and has only inadvertently become aware of the suit. Similarly, this Office only belatedly became aware that Plaintiff filed a motion to use a pseudonym, that the Honorable James M. Wicks ordered Plaintiff on October 6, 2022 to "serve the motion" on Defendant, to "meet and confer" and then to provide a "status report," and that Magistrate Judge Wicks again ordered on November 9, 2022, that Plaintiff provide a status update on any meet and confer by November 11, 2022. *See* Dkt. Sheet. Plaintiff did not serve this Office with that motion, nor did he contact this Office to meet and confer,

failed to effect service in accordance with Rule 4. *Gottfried v. U.S. Dep't of State,* No 17-cv-5210, 2018 WL 3742702, at *1 (E.D.NY. Apr. 16, 2018), *report & recommendation adopted*, 2018 WL 3742680 (E.D.N.Y. May 1, 2018) (dismissing action against federal agency for failure to comply with these service requirements); *Thomas v. Shinseki*, No. 09-cv-4900, 2011 WL 4753525, at *3 (E.D.N.Y Oct. 6, 2011) (same); *Olusi v. Keisler*, No. 07-cv-8776, 2008 WL 3539891, at *2 (S.D.N.Y. Aug. 13, 2008) (Chin, J.) (same). By failing to perfect service on this Office – as well as on any other federal entities Plaintiff is required to serve – Plaintiff runs the risk of having this action dismissed under Federal Rule of Civil Procedure 4(m). *See, e.g.*, *Pajak v. N.Y. State Office of Temp. & Disability Assistance*, 783 F. App'x 86, 89 (2d Cir. 2019) (Summary Order) (affirming dismissal for failure to serve a summons with the complaint as required by Fed. R. Civ. P. 4(c)); *Deptula v. Rosen*, 558 F. Supp. 3d 73, 87 (S.D.N.Y. 2021) (dismissing for improper service where *inter alia* plaintiff served summons that failed to "bear the court's seal and [] does not include the clerk's signature"). Therefore, as a courtesy, we are advising you that this Office has not yet been served.

As a further courtesy, please note that, because Plaintiff has not served this Office, Defendant's sixty-day window to respond to the Complaint has not yet been triggered, notwithstanding Plaintiff's averment that the government's response is due December 4 (ECF No. 7). As noted above, to perfect service on a federal defendant, a plaintiff must serve not only that defendant and the U.S. Attorney General but *also* the local United States Attorney's Office, *see* Fed. R. Civ. P. 4(i)(1) and (2), and a federal defendant's time to respond to a complaint does not begin to run until *this Office* is served. *See* Fed. R. Civ. P. 12(a)(2) ("The United States . . . must serve an answer to a complaint, counterclaim or crossclaim within 60 days after service on the United States attorney."). Because Plaintiff has not yet served this Office, Defendant's time to respond to the Complaint has not yet begun to run.

This Office advises – as a courtesy and prior to the time for seeking dismissal under Fed. R. Civ. P. 4(m) – that it awaits service consistent with Federal Rule of Civil Procedure 4. Defendant will answer, move, or otherwise respond to the Complaint within 60 days after service of the signed, sealed summons and Complaint on this Office. *See* Fed. R. Civ. P. 12(a)(2).

        Very truly yours,

        BREON PEACE
        United States Attorney

By:    */s/ Christopher Volpe*
       CHRISTOPHER D. VOLPE
       LAYALIZA K. SOLOVEICHIK
       Assistant U.S. Attorneys
       (718) 254-6188
       (718) 254-6298

---

in keeping with Plaintiff's failure hitherto to serve this Office as required and explicitly set forth in the Federal Rules of Civil Procedure.

christopher.volpe@usdoj.gov
layaliza.soloveichik@usdoj.gov

cc: Honorable Nina Morrison, U.S.D.J., E.D.N.Y. (by ECF)
Honorable James M. Wicks, U.S.M.J. E.D.N.Y. (by ECF)