

Handley Farah & Anderson PLLC

**March 1, 2023**

**Via ECF**
The Honorable Nina R. Morrison
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *F.C.C. et al. v. United States of America*, Case No. 2:22-cv-5057

Dear Judge Morrison:

      We represent the Plaintiffs in the above-referenced civil action and write in response to Defendant the United States of America's Letter for a Pre-Motion Conference dated February 23, 2023 ("Letter").

### I.    Defendant's Proposed Motion To Transfer on Venue Grounds

      Defendant plans to seek transfer to the District of Arizona. Letter at 1. Defendant wrongly contends this claim cannot be prosecuted in this district because Plaintiffs do not reside in this district and "the gravamen of their claim is in Arizona . . . ." *Id* at 1-2. While it is true that Plaintiffs do not reside in this district and that they were initially separated from each other in Arizona, Defendant ignores the fact that this separation was prolonged for approximately four months while ACL was detained *in this district* and that the harms alleged stem from the entirety of this lengthy separation. Compl. ¶¶ 58-87. Venue is proper because a substantial portion of the "act[s] or omission[s] complained of occurred" in this district. 28 U.S.C. § 1402(b).

      Defendant further contends that even if venue is proper in this district, the Court should still transfer this case to the District of Arizona. When determining whether to transfer a case to another district, the court considers "whether the transfer promotes convenience and fairness." *Excelsior Designs Inc. v. Sheres*, 291 F. Supp. 2d 181, 185 (E.D.N.Y. 2003). There are a number of factors that guide the court in making this decision. *Id.* (listing nine factors). "The movant bears the burden of establishing the propriety of transfer by a clear and convincing showing." *Id.* (citing *Ford Motor Co. v. Ryan*, 182 F.2d 329, 330 (2d Cir.) *cert denied*, 340 U.S. 851 (1950)).

      "The plaintiffs' choice of forum . . . should not be disturbed unless the balance of these factors tips decidedly in favor of a transfer." *Ainbinder v. Potter*, 282 F. Supp. 2d 180, 191

(S.D.N.Y. 2003) (citation omitted). Although the Government argues for transfer because it would be more convenient for some of its own witness, the convenience of a party's witnesses is afforded less weight because Defendant can require them to participate. *Certain Underwrites at Lloyd's London v. AMTRAK*, 14-CV-04717 (FB) (CLP), 2015 U.S. Dist. LEXIS 31288 at *7 (E.D.N.Y. March 13, 2015). This case should not be transferred. *See, e.g.*, *Wilbur P.G. v. United States*, Case No. 4:21-cv-04457-KAW, 2022 U.S. Dist. LEXIS 135807 at *11 (N.D. Ca. May 10, 2022) (denying motion to transfer and explaining that the chosen forum is familiar with the FTCA, judges routinely apply the laws of other states, and while many events occurred in Arizona, "conduct also occurred in other states, as this was a national policy.").

## II. Defendant's Proposed Motion to Dismiss

### A. The Independent Contractor Doctrine Does Not Bar Plaintiffs' Claims

Plaintiffs' claims arise from the fact that Defendant the United States of America chose to separate a seven-year-old child from her father and detain her away from her family for approximately four months. *See generally* Compl. All of Plaintiffs causes of action – intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, loss of consortium, and abuse of process—"arise from the government's separation of Plaintiff[s]." *A.P.F. v. United States*, 492 F. Supp. 3d 989, 998 (D. Ariz. 2020). "The independent contractor exception . . . has no bearing on the United States' FTCA liability for its *own* acts or omissions." *Edison v. United States*, 822 F.3d 510, 518 (9th Cir. 2016) (emphasis in original). If Defendant plans to argue that Mercy First, not the Government, caused Plaintiffs' harm, "this raises a fact-intensive issue inappropriate for resolution" on a motion to dismiss. *A.P.F.*, 492 F. Supp. at 998.

### B. The Alleged Lack of a Private Analogue Does Not Bar Plaintiffs' Claims

"The United States cannot avoid FTCA liability by arguing that the conduct is 'unique' to the government; the question is whether there are 'like circumstances' under which a private person would be liable." *K.O. v. United States*, Civil Action No. 4:30-12015-TSH, 2023 U.S. Dist. LEXIS 3798 at *29 (D. Mass. Jan. 9, 2023) (quoting *United States v. Olson*, 546 U.S. 43, 46-47 (2005). While it is true that there are some things, like failing to perform regulatory functions, for which there is no private analogue, "the conduct alleged [here] --- imprisoning and separating children from their parents --- would lead to tort liability if done by private persons." *Id*. The private analogue exception does not apply.

### C. The Discretionary Function Exception Does Not Bar Plaintiffs' Claims

The discretionary function exception ("DFE") "insulates the Government from liability if the action challenged in the case involves the permissible exercise of policy judgment." *Berkovitz v. United States*, 486 U.S. 531, 537 (1988). However, the DFE does not apply where the Government has violated individuals' constitutional rights. *Myers & Myers Inc. v. United States Postal Service*, 527 F.2d 1252, 1261 (2d Cir. 1975). If, as alleged in the Complaint, the Government separated FCC and ACL pursuant to the Zero Tolerance Policy, "this action would not fit within the DFE" because the plaintiffs have plausibly alleged that their constitutional rights were violated. *D.J.C.V. v. United States*, 20 Civ. 5757 (PAE), 2022 U.S. Dist. LEXIS

99808 at *31 (S.D.N.Y. June 3, 2022).  Numerous Courts have considered whether the DFE applies in similar family separation cases, and concluded that it does not.  *See, e.g. K.O. v. United States*, Civil Action No. 4:30-12015-TSH, 2023 U.S. Dist. LEXIS 3798 at *23-26 (D. Mass. Jan. 9, 2023) (finding DFE does not apply to family separated at the border pursuant to zero tolerance policy); *F.R. v. United States*, No. CV-21-00339-PHX-DLR, 2022 U.S. Dist. LEXIS 130605 at *13-17 (D. Ariz. July 22, 2022) (same).  To the extent the Government is only contending that the DFE applies with respect to the "pace of reunification," it is inappropriate at this stage to "parse the Complaint to assess whether claims with respect to particular factual allegations are barred."  *C.M. v. United States*, No. CV-19-05217-PHX-SRB, 2020 U.S. Dist. LEXIS 252691 at *12 (D. Ariz. March 30, 2020).

### D.  The Due Care Exception Does Not Bar Plaintiffs' Claims

The due care exception excludes the waiver of sovereign immunity for "[a]ny claim based on an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation."  28 U.S.C. § 2680(a).  In the Second Circuit, courts typically use a two part test, first "determin[ing] whether the statute or regulation in question specifically prescribes a course of action for an officer to follow," and second, "inquir[ing] as to whether the officer exercised due care in following the dictates of that statute or regulation."  *D.J.C.V. v. United States*, 2022 U.S. Dist. LEXIS 99808 at *28 (citations omitted).

The due care exception does not apply because there is no statute that specifically authorizes the Government to separate families and detain children separately from their parents.  *A.I.I.L v. Sessions*, No. CV-19-00481-TUC-JCH, 2022 U.S. Dist. LEXIS 61582 at *13 (D. Ariz. March 31, 2022); *see also Euceda v. United States*, Case No. 2:20-cv-10793-VAP-GJSx, 2021 U.S. Dist. LEXIS 204200 at *10 (C.D. Ca. Apr. 27, 2021) ("Defendant fails to cite any statute or regulation that required Plaintiff and his children to be separated upon their arrival to the United States.  The separations were conducted pursuant to executive policy, not pursuant to any statute or regulation; such actions are not shielded by the due care exception.").

### E.  Plaintiffs Have Stated Viable Claims for Relief

Plaintiffs have provided a factually detailed complaint plausibly alleging significant harm stemming from the Government's decision to purposefully and intentionally separate them (and keep them separated) from each other for a prolonged period.  *See generally* Compl.  The Complaint alleges five torts that occurred as a result: (1) intentional infliction of emotional distress; (2) negligent infliction of emotional distress; (3) negligence; (4) loss of consortium; and (5) abuse of process.  Compl. ¶¶ 88-112.  Defendant's letter selectively quotes from cases and misleadingly parses portions of the Complaint to argue that Plaintiffs have not stated a claim for relief, but full consideration of these issues will demonstrate that this is not the case.  *See, e.g.*, *D.J.C.V.*, 2022 U.S. Dist. LEXIS 99808 at *57, 72-74 (denying motion to dismiss claims in FTCA family separation case in SDNY where torts alleged are intentional infliction of emotional distress, negligent infliction of emotional distress and negligence and no exception applies).

Respectfully,

/s/ Matthew Handley

Matthew Handley