

Handley Farah & Anderson PLLC

---

**August 22, 2023**

**Via ECF**

The Honorable Nina Morrison
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  **Re: F.C.C. v. United States of America, Case No. 22-cv-5057**

Dear Judge Morrison:

  We write in response to your Order on August 17, 2023, directing Plaintiffs to produce, under seal, the document the parties contend confers venue in the United States District Court of the District of Columbia.

  The Federal Tort Claims Act ("FTCA") allows a claim to be brought "wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Plaintiffs originally brought this case in the Eastern District of New York and maintain that venue is proper in EDNY. Plaintiffs believe venue is also proper in the United States District Court for the District of Columbia, and have stipulated to transfer of venue to that District. As explained below, Plaintiffs believe the attached document attached as Exhibit A supports the District of Columbia as a proper venue.

  A central act complained of in this civil action is Plaintiff A.C.L.'s prolonged separation from her father F.C.C., which Plaintiffs allege Defendant caused and prolonged by detaining Plaintiff A.C.L. at MercyFirst in the Eastern District of New York. Plaintiffs believe venue is proper in the United States District Court for the District of Columbia because, among other things, the individuals employed by Defendant who authorized her separation and prolonged detention were located in the District of Columbia. For example, on May 3, 2018, E. Scott Lloyd, who was, at the time, the Director of the Office of Refugee Resettlement,[1] signed a document entitled "Placement Authorization" that authorized Plaintiff A.C.L. to be detained at MercyFirst. *See* Exhibit A. The Office of Refugee Resettlement ("ORR"), headed by Mr.

---

[1] *See* https://www.acf.hhs.gov/archive/about/leadership/scott-lloyd.

Lloyd, is a part of the U.S. Department of Health and Human Services, and is located at 330 C Street S.W. in Washington, D.C.[2]

       Plaintiffs believe this "Placement Authorization" demonstrates that venue is appropriate in the United States District Court for the District of Columbia.

Respectfully,

/s/ Rachel Nadas

Rachel Nadas
Matthew Handley
Handley Farah & Anderson PLLC
mhandley@hfajustice.com
rnadas@hfajustice.com
(202) 899-2991

---

[2] *Id.*



U.S. Department of Health and Human Services

## OFFICE OF REFUGEE RESETTLEMENT
### Division of Children's Services
### PLACEMENT AUTHORIZATION

The U.S. Department of Health and Human Services (HHS), Office of Refugee Resettlement (ORR), Division of Children's Services (DCS) is responsible for coordinating and implementing the care and placement of (6 U.S.C. 279 (b)(1)(A)):

| Minor's Name: | | Alien Number: | |
|---|---|---|---|
| Date of Birth: | | Nationality: | Honduras |

Hereby authorizes, hereinafter "care provider," to provide 24 hour care for the minor. Care and placement will include, but is not limited to:

care provider:     MercyFirst

### 1. Custody.
The minor is in the legal custody of the Federal government and is placed in the care provider's physical custody for care and shelter. The care provider must provide for the minor's daily care and protection, which conforms to all applicable ORR instructions and minimum standards based in statute or law. The minor's placement with the care provider is based on the care provider's compliance with the requirements set forth in the contract or cooperative agreement with ORR. ORR, at its sole discretion, may remove the minor from the care provider at any time.

### 2. Authority.
The care provider will adhere to all Federal and State licensing laws, rules, and regulations. Additionally, the care provider will adhere to all ORR policies, guidance, and instructions. Failure to adhere to State licensing or ORR requirements will result in corrective action up to and including termination of the grant or contract.

### 3. Education.
The care provider must enroll the child in an educational program(s) as directed by ORR. This may include educational programming created by the care provider if approved by ORR. The care provider may sign any documents needed to enroll the child in an educational program. The care provider may also receive and review all of the minor's educational records.

### 4. Travel.
The care provider may provide routine transportation for the minor, including transportation to and from medical, mental, and dental care; court hearings; transfer to other care provider programs; trips, outings, or other travel pertinent to the minor's educational, social, and emotional development.

### 5. Photographs and Videotapes.
The care provider may take photographs and record videotapes of the minor for the minor's personal use and for purposes of identification. The care provider may not release any photographs or videotapes of the minor for public use without ORR's prior written permission.

### 6. Medical Care.
The care provider may consent to the child's medical, dental, and mental health care as specified in the Authorization to Consent to Medical, Dental, and Mental Health Care. The care provider may receive, review, and maintain all of the minor's medical, dental, and mental health records in a separate medical file.

### 7. Files/Confidentiality.
All records maintained by the care provider in reference to the minor are considered ORR property. Under penalty of law, the care provider must not release information about the minor to any individual, organization, or entity without the prior



• The care provider may provide information about the minor to the minor's educational program, medical, mental health, dental, and other service providers to the extent that the information is needed for the minor's education, recreation, social development, medical, dental, or mental health treatment.

• The care provider must give ORR and its designees, as directed by ORR, unrestricted free access to information about the minor at all times.

• All case file information maintained under grants or contracts with the Federal government are the property of the Federal government and are fully accessible to ORR/DCS, or any of their duly authorized representatives, in accordance with applicable federal law, regulations, and OMB circulars. The records should be retained in accordance with these applicable laws, regulations, OMB circulars, and ORR policies.

## 8. Contact with the Family.

The care provider must permit the minor and the minor's family (as well as other individuals at ORR's discretion) to maintain contact through direct visitation, telephone calls, mail, and gifts under the terms and conditions specified by applicable law, regulations, and ORR policies.

## 9. School Programs and Extracurricular Activities.

The care provider may authorize the minor to participate in routine school programs as well as social and extracurricular activities that do not involve an unusual risk of injury to the minor unless otherwise specified by ORR.

## 10. Reason for Placement.

An unaccompanied minor who meets the definition of an unaccompanied alien child, 6 U.S.C. 279 (g)(2), and is in Federal custody by reason of his or her immigration status.

## 11. Time in Care.

The care provider's care giving authority will terminate upon the minor's physical discharge from the care provider's custody. The care provider will still have legal obligations for maintaining the minor's property if it is still in the care provider's custody and case file as directed by ORR.

## 12. Financial.

ORR agrees to provide financially for the care of said minor according to the financial agreement between ORR and care provider or subsequent agreements agreed to by ORR and the care provider.

## 13. Restraints.

The care provider must exhaust preventive, de-escalative, and less restrictive techniques before it uses any type of restraint. Should physical restraint be necessary for the safety of the minor or others, the care provider must use

| Signature - Authorized Representative of Care Provider | Date | Telephone Number |
|---|---|---|

5/3/18

Signature - Official Representative
Office of Refugee Resettlement
Administration for Children and Families
US Department of Health and Human Services

05/03/2018

Date        Telephone Number

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER                    FCC_Govt Prod_00010