UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x

F.C.C, *on his own behalf and on behalf of his minor child, A.C.L.*,

     Plaintiff,

-against-

UNITED STATES OF AMERICA,

     Defendant.

---------------------------------------------------------x

MEMORANDUM & ORDER
22-cv-5057 (NRM) (JMW)

NINA R. MORRISON, United States District Judge:

Now pending before this Court is Plaintiffs' motion to transfer venue to the United States District Court for the District of Columbia. For the reasons outlined herein, Plaintiffs' motion is GRANTED.

## **Factual and Procedural History**

Plaintiff F.C.C., a Honduran national, alleges that he and his minor daughter A.C.L. fled to the United States seeking asylum following a series of violent acts in their hometown of Olancho, including the murder of several of F.C.C.'s family members. ECF No. 1 ¶¶ 1–2.[1] Plaintiffs arrived at the border in Arizona on May 1, 2018. ECF No. 1 ¶¶ 42–43. After turning themselves over to Customs and Border Patrol ("CPB") agents, they were transferred to an Arizona holding facility. ECF No. 1 ¶¶ 43–44. Pursuant to the Government's then-existing "zero tolerance" policy, however, the officers quickly separated F.C.C. and A.C.L. ECF No. 1 ¶¶ 2, 48.

At the time of separation, A.C.L. was seven years old. ECF No. 1 ¶ 1. F.C.C.

---

[1] For purposes of this motion, the Court accepts as true the allegations in Plaintiffs' complaint.

1

alleges that A.C.L. "sobbed and clung to her father" before CBP officers "physically ripped A.C.L. from her father and carried her out of the room." ECF No. 1 ¶ 48. The CBP officers told F.C.C. that A.C.L. would be held elsewhere in the same facility. ECF No. 1 ¶¶ 46, 48. Just before his deportation back to Honduras, however, F.C.C. learned that his daughter had in fact been transferred to a facility in New York. ECF No. 1 ¶¶ 50–57.

Indeed, the Government had flown A.C.L. to a private shelter in Syosset, New York called MercyFirst on May 3, 2018. ECF No. 1 ¶¶ 11, 58. She remained there for four months; during that time, Plaintiffs allege, she developed physical illnesses and experienced severe emotional distress. ECF No. 1 ¶¶ 11, 62–69. On September 19, 2018, A.C.L. was, deported back to Honduras and reunited with her parents. ECF No. 1 ¶¶ 77–79.

On August 25, 2022, Plaintiff F.C.C. (who has since been paroled into the United States, *see* ECF No. 23-1 at 14) filed the present action under the Federal Tort Claims Act ("FTCA") on behalf of himself and A.C.L. *See* ECF No. 1. On March 24, 2023, the United States of America ("the Government") filed a motion to transfer venue to the United States District Court for the District of Arizona. *See* ECF Nos. 23, 26.

The Government moved for transfer on two grounds. First, the Government argued that venue under the FTCA, as relevant here, exists "only in the judicial district where . . . the act or omission complained of occurred." ECF No. 23-1 at 16 (citing 28 U.S.C. § 1402(b)). Because F.C.C. and A.C.L. were separated in Arizona,

2

therefore, no relevant "act[s] or omission[s]" by Government officials took place in this district: although A.C.L. was held in this district, MercyFirst is a private facility, and any actions taken by MercyFirst or its staff are not attributable to the United States for venue purposes. ECF No. 23-1 at 16–18 & n.8. Second, the Government argued that even if venue were proper in the Eastern District of New York, the Court should transfer this action to the District of Arizona as a discretionary matter under 28 U.S.C. § 1404(a). ECF No. 23-1 at 18–28. Plaintiffs, for their part, argued that although they were separated in Arizona, A.C.L.'s prolonged detention in the Eastern District of New York confers venue in this district, and the Court should deny the Government's motion for a discretionary transfer. *See* ECF No. 25.

The Court held oral argument on the Government's motion on June 15, 2023. On that day, the Court denied the Government's motion for a discretionary transfer under 28 U.S.C. § 1404(a). *See* Minute Entry dated June 15, 2023. The Court did so in light of the fact that some, and perhaps most, of the potential witnesses named by the Government who are located in Arizona may not be necessary for trial (since Plaintiffs are not disputing the fact of their separation in Arizona, but instead challenging the underlying Government policies that led to and, they allege, prolonged their separation); in addition, most of the witnesses in Arizona were employees or agents of the Government who could be produced for trial in other venues if necessary. However, the Court reserved decision on the Government's motion to transfer on the grounds that the Eastern District of New York lacks venue under 28 U.S.C. 1402(b) as, on the then-existing record, it was unclear whether any

acts or omissions by Government officials took place in this district.  The Court gave the parties leave to conduct limited discovery on the issue of venue, focused primarily on whether any decisions by Government officials to separate Plaintiffs and/or continue A.C.L.'s custodial placement (the "acts" and "omissions" alleged by Plaintiffs) were made by officials in the Eastern District of New York.

On August 16, 2023, Plaintiffs filed their own motion to transfer venue to the United States District Court for the District of Columbia, which they informed the Court the Government does not oppose.  ECF No. 31 at 1–2.  In support of their motion, the parties submitted to the Court a copy of a form that Plaintiffs received during venue discovery from the Office of Refugee Resettlement ("ORR"), Division of Children's Services.  *See* ECF No. 34 at 4–5.  On it, then-Director of the ORR E. Scott Lloyd authorized that A.C.L. be flown to New York and held at MercyFirst.  ECF No. 34 at 4–5.  The form is physically signed by Lloyd and dated May 3, 2018.  ECF No. 34 at 5.  At the Court's request, a copy of this form was filed on the public docket with any redactions deemed necessary by the parties to protect confidential information.

## Analysis

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought or . . . to which all parties have consented."  28 U.S.C. § 1404(a).  Even if the parties have consented to transfer to a new district, however, that is not the end of the Court's inquiry.  Rather, in light of the text of § 1404(a), the court must still determine that such a transfer is in the interest of justice.  *Cf. Skolnick v.*

4

*Wainer*, 13-cv-4694, 2013 WL 5329112, at *2 (E.D.N.Y. Sept. 20, 2013); *cf. NYC Vision Cap., Inc. v. C21FC, LLC*, 22-cv-3071, 2022 WL 2527611, at *7 (S.D.N.Y. July 7, 2022).

Because A.C.L.'s separation from her father was—as demonstrated by evidence developed during discovery—personally authorized by then-ORR Director Scott Lloyd, whose office is in the District of Columbia, venue would likely be proper in the District for the District of Columbia as an original matter. *See* 28 U.S.C. § 1402(b) (authorizing venue in the district where the "act or omission complained of occurred"). However, because the parties have agreed to transfer this action to that district, the Court need not reach that question here. *See* 28 U.S.C. § 1404(a) (permitting transfer by consent).

The Court therefore need only consider whether the interests of justice are served by transfer. On the current record, the Court concludes that they are. The crux of the parties' legal dispute is whether the Government's then-operative "zero tolerance" policy, as implemented here, constituted tortious conduct against Plaintiffs that is cognizable under the FTCA. Plaintiffs have alleged that the policy at issue (separating asylum-seeking children from their parents, then placing them into the custody of ORR as "unaccompanied minors") was adopted by former executive branch officials in Washington, D.C., *see* ECF No. 1 ¶¶ 3–4; and in venue-related discovery, Plaintiffs obtained documentation confirming that the decision to separate A.C.L. from her father and place her at a shelter in Syosset, New York, was specifically authorized by ORR's then-Director, whose office is in Washington, D.C. ECF No. 34

5

at 4–5. As such, the District of Columbia appears to be a highly appropriate venue for the parties to litigate the merits of their claims, and the interests of justice are well served by the transfer.

This action is therefore TRANSFERRED to the United States District Court for the District of Columbia.

SO ORDERED.

                                              */s/ NRM*  
                                              NINA R. MORRISON  
                                              United States District Judge

Dated: September 5, 2023  
       Brooklyn, New York